UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RODNEY JOHNSON,

         Plaintiff,

                      DECISION AND ORDER
  v.                      04-CV-123A

XEROX CORPORATION,
HEALTH INTERNATIONAL/SHPS HEALTH
MANAGEMENT SOLUTION and
COMMUNITY BLUE,

         Defendants.

---

## INTRODUCTION

    Plaintiff Rodney Johnson filed the instant action *pro se* on February 24, 2004, alleging that he was denied an MRI for a period of seven months and that he was terminated on account of his race, color and disability, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII").  He filed an amended complaint on May 10, 2005.

    Currently before the Court are motions to dismiss by defendants Xerox Corporation ("Xerox"), Health International/SHPS Health Management Solution (now known as SHPS Health Management Solutions, Inc) ("SHPS"), and HealthNow New York, Inc. ("HealthNow").[1]

---

[1]   "Community Blue," the entity named as a defendant in the complaint, is an assumed name under which HealthNow does business.

For the reasons stated herein, the Court: (1) grants the motions to dismiss on behalf of defendants SHPS and Healthnow, in their entirety, with prejudice; (2) grants Xerox's motion to dismiss, with prejudice, with regard to plaintiff's MRI claim; and (3) grants, without prejudice, Xerox's motion to dismiss plaintiff's unlawful termination claim.

## DISCUSSION

### A. Claims Against SHPS and HealthNow

Plaintiff's claims against SHPS and HealthNow must be dismissed for two reasons.

First, plaintiff's Title VII claim against SHPS and HealthNow must be dismissed because neither of these entities was plaintiff's employer. Under Title VII, a defendant in an employment discrimination action may only be subject to liability if it is the plaintiff-employee's "employer," as defined in the statute. *See Arculeo v. On-Site Sales & Marketing, LLC*, 425 F.3d 193, 197 (2d Cir. 2005). In his amended complaint, plaintiff alleges that his employer was Xerox. Because neither SHPS nor HealthNow was plaintiff's employer, neither of them can be held liable under Title VII for employment discrimination.[2]

Second, plaintiff's Title VII claim against SHPS and HealthNow must be dismissed because neither of these entities was named as a respondent in plaintiff's

---

[2] Although plaintiff has not brought a claim under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112-12117 ("ADA"), the result would be the same if such a claim were brought because Title VII and the ADA define "employer" the same way.

administrative complaint to the New York Division of Human Rights. (SDHR"). Thus, plaintiff failed to exhaust his administrative remedies with regard to these two defendants. See 42 U.S.C. § 2000e-5.

**B.     Plaintiff's MRI Claim**

Plaintiff's MRI claim must be dismissed as against all defendants for two reasons.

First, plaintiff's MRI claim must be dismissed because he did not include such a claim in his administrative complaint to the SDHR. Thus, plaintiff failed to exhaust his administrative remedies with regard to his MRI claim. See 42 U.S.C. § 2000e-5.

Second, plaintiff's MRI claim must be dismissed because it is moot. Plaintiff alleges that he eventually received an MRI and does not allege that he suffered any prejudice or harm as a result of any delay.

**C.     Plaintiff's Termination Claim Against Xerox**

Plaintiff's Title VII unlawful termination claim against Xerox must be dismissed because it fails to comply with the pleading requirements of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8(a). Plaintiff's amended complaint provides no facts surrounding his alleged unlawful termination. Plaintiff simply checked the boxes on the pre-printed complaint form provided by the Clerk's Office indicating that he was terminated because of his race, color and disability. Plaintiff fails to allege

when he was terminated, who terminated him, under what circumstances he was terminated, what his race, color and disability are, or why he believes his termination was motivated by unlawful reasons. His amended complaint fails to provide Xerox with fair notice of the charge to which it is expected to respond. Accordingly, plaintiff's termination claim must be dismissed.

Based upon a review of the complaint, it is clear that plaintiff does not sufficiently allege a claim for unlawful termination under Title VII, but since the usual practice is to allow leave to replead a deficient complaint, *see* Fed.R.Civ.P. 15(a); *see also Ronzani v. Sanofi, S.A.*, 899 F.2d 195, 198 (2d Cir. 1990), the Court will provide the plaintiff an opportunity to file a second amended complaint by **May 4, 2007**, pursuant to Fed.R.Civ.P. 15(a), which must include the necessary factual allegations to state a claim for unlawful termination under Title VII.[3]

Plaintiff is advised that an amended complaint is intended to <u>completely replace</u> the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect." *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977), *cert. denied sub nom.*, *Vesco & Co., Inc. v. International Controls Corp.*, 434 U.S. 1014 (1978); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994).

Plaintiff is forewarned that if he fails to file a second amended complaint as directed, the complaint will be dismissed with prejudice.

---

[3] If it is also plaintiff's intention to assert a claim under the ADA against Xerox, he must expressly indicate that intention in his second amended complaint and must allege facts supporting such a claim.

## **CONCLUSION**

For the reasons stated, the Court: (1) grants the motions to dismiss on behalf of defendants SHPS and Healthnow, in their entirety, with prejudice; (2) grants Xerox's motion to dismiss, with prejudice, with regard to plaintiff's MRI claim; and (3) grants, without prejudice, Xerox's motion to dismiss plaintiff's unlawful termination claim.  Plaintiff is granted leave to file a second amended complaint as directed above by **May 4, 2007**.  The Clerk of the Court is directed to send to plaintiff with this order a blank complaint form and the instructions for preparing an amended complaint.  In the event plaintiff fails to file an amended complaint as directed above by **May 4, 2007**, the complaint shall be dismissed with prejudice without further order of the Court.

SO ORDERED.

> s/ *Richard J. Arcara*
> HONORABLE RICHARD J. ARCARA
> CHIEF JUDGE
> UNITED STATES DISTRICT COURT

DATED:  March   30   , 2007