UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RODNEY JOHNSON,

                Plaintiff,

      -vs-                                04-CV-123C(SC)

XEROX CORPORATION, et al.,

                Defendants.

---

## INTRODUCTION

Plaintiff filed this action *pro se* on February 24, 2004, alleging that he was denied an MRI for a period of seven months and that he was terminated from his employment on the basis of his race, color, and disability, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (Title VII). Plaintiff filed an amended complaint on May 10, 2005 (Item 19). Defendants then moved to dismiss the amended complaint (Items 32, 35). In an order filed March 30, 2007, United States District Judge Richard J. Arcara granted the defendants' motions (Item 40).[1]

Specifically, Judge Arcara dismissed all claims against defendants SHPS and HealthNow in their entirety with prejudice as neither defendant was plaintiff's employer and could not be sued under Title VII. Additionally, neither defendant was named as a respondent in plaintiff's complaint to the New York State Division of Human Rights ("SDHR"). The court also dismissed plaintiff's MRI claim against Xerox Corporation with

---

[1] This case was transferred to the undersigned by order of the Hon. Richard J. Arcara on May 14, 2007 (Item 42).

prejudice, as plaintiff failed to include this claim in his administrative complaint to the SDHR and thus failed to exhaust his administrative remedies with respect to that claim. Additionally, plaintiff ultimately received the MRI and the court determined that this claim is moot. Finally, the court dismissed plaintiff's wrongful termination claim against Xerox without prejudice because plaintiff failed to comply with the pleading requirements of Fed. R. Civ. P. 8(a). However, the court provided plaintiff an opportunity to replead his wrongful termination claim against defendant Xerox Corporation.

On May 4, 2007, plaintiff filed a second amended complaint (Item 41). It is essentially the same as his first amended complaint. He again names Xerox Corporation, Health International/SHPS Health Management, and Community Blue (HealthNow) as defendants. Plaintiff alleges that he was denied an MRI for a period of seven months and that during this time, two other technicians were allowed to have MRIs, had surgery, and returned to work (Item 41, p. 4). Plaintiff also alleges that he was terminated from his employment on the basis of his race, color, and disability but, as with his first amended complaint, provides no details of these allegations on the *pro se* complaint form.

## DISCUSSION

For the reasons stated in Judge Arcara's Decision and Order dated March 30, 2007 (Item 40), the claims against SHPS and HealthNow are again dismissed in their entirety. Plaintiff was apparently under the mistaken belief that he could replead his claims against these defendants in his second amended complaint. Likewise, plaintiff's MRI claim was dismissed with prejudice and may not be reasserted against defendant Xerox, the only remaining defendant properly in this case, as it was not included in the administrative

complaint to the SDHR.

In response to the motion to dismiss, plaintiff filed a handwritten document in which he acknowledges the position of defendant Xerox Corporation that he was terminated from his employment based on an unsuccessful job search after he returned from long-term disability leave (Item 48). However, plaintiff states that the "root cause" of his problem was his inability to promptly obtain an MRI to properly diagnose his rotator cuff injury in 2000. He challenged the denial of the MRI, but states that during the seven-month period that elapsed before he obtained the MRI, two other white employees were allowed MRIs, had surgery and returned to work. Plaintiff states that "the only reason I am not employed with Xerox Corporation today is because I was not afforded the same opportunity as [the other employees] to have a MRI done in a timely manner." (Item 48).

As plaintiff has merely reasserted his previously-dismissed MRI claim against Xerox and has admitted that his only claim against Xerox is based on the failure to authorize an MRI, the second amended complaint is likewise dismissed. It is apparent that plaintiff is unable to plead sufficient allegations of wrongful termination based on race, color and/or disability consistent with the court's previous order, Rule 8(a) of the Fed. R. Civ. P., and Title VII.

## **CONCLUSION**

For the foregoing reasons, the motions to dismiss are granted, and the complaint is dismissed.

So ordered.

_____\s\ John T. Curtin
JOHN T. CURTIN
United States District Judge

Dated:   3/10                        , 2008
p:\pending\2004\04-123.mar308